IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **KELLSTROM INTEGRATION SOLUTIONS, LLC,**<br>Plaintiff,<br><br>v.<br><br>**SIEMENS PLM SOFTWARE, INC.**<br><br>**DSC SOFTWARE, INC.,**<br><br>**CIDEON AMERICA, INC.,**<br><br>**.riess CORPORATION,**<br><br>**TESIS PLMWARE USA, LLC and**<br><br>**CENIT NORTH AMERICA, INC.,**<br>Defendants. | **Case No. 6:10-cv-355**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Kellstrom Integration Solutions, LLC, ("Plaintiff") files this Compliant against Siemens PLM Software, Inc., DSC Software, Inc., Cideon America, Inc., .riess Corporation, Tesis PLMware USA, LLC and Cenit North America, Inc., (collectively "Defendants") for infringement of United States Patent No. 6,088,625 (hereinafter the "'625 patent"), a copy of which is attached as Exhibit A.

## JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes.

3. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants have committed acts of infringement in this district and/or are deemed to reside in this district.

4. Plaintiff is a Delaware Limited Liability Company located in Frisco, Texas. Plaintiff is registered to do business in the state of Texas.

5. Defendant Siemens PLM Software, Inc. ("Siemens") is a Delaware corporation with its principal place of business in Plano, Texas. On information and belief, this Court has personal jurisdiction over Siemens and venue is proper in this district because Siemens has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

6. Defendant DSC Software, Inc. ("DSC") is a Delaware corporation with its principal place of business in New York, New York. On information and belief, this Court has personal jurisdiction over DSC and venue is proper in this district because DSC has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

7. Defendant Cideon America, Inc. ("Cideon") is a Delaware corporation with its principal place of business in Conshohocken, Pennsylvania. On information and belief, this Court has personal jurisdiction over Cideon and venue is proper in this district because Cideon has committed, and continues to commit, acts of infringement in the state of Texas, including in

this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

8. Defendant .riess Corporation (".riess") is a Delaware corporation with its principal place of business in Newark, Delaware. On information and belief, this Court has personal jurisdiction over .riess and venue is proper in this district because .riess has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

9. Defendant Tesis PLMware USA, LLC ("Tesis") is an Illinois limited liability company with its principal place of business in Chicago, Illinois. On information and belief, this Court has personal jurisdiction over Tesis and venue is proper in this district because Tesis has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

10. Defendant Cenit North America, Inc. ("Cenit") is incorporated in Michigan with its principal place of business in Auburn Hills, Michigan. On information and belief, this Court has personal jurisdiction over Cenit and venue is proper in this district because Cenit has committed, and continues to commit, acts of infringement in the state of Texas, including in this district and/or has engaged in continuous and systematic activities in the state of Texas, including this district.

11. On information and belief, Defendants' products that are alleged herein to infringe were and continue to be made, used, imported, offered for sale and/or sold in Texas,

including in this judicial district and Defendants' practices that are alleged herein to infringe were and continue to be conducted in the state of Texas, including in this judicial district.

12. This court has personal jurisdiction over defendants because defendants have committed acts of infringement in this district; do business in this district; have systematic and continuous contacts in this district and/or have consented to jurisdiction here.

**COUNT I**

**(INFRINGEMENT OF UNITED STATES PATENT NO. 6,088,625)**

13. Plaintiff incorporates paragraphs 1 through 12 herein by reference.

14. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq*.

15. Plaintiff is the exclusive licensee of the '625 patent with rights to enforce the '625 patent and sue infringers.

16. The '625 patent, titled "System for Transferring Assembly Data and Method Therefor," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code. A copy of the '625 patent is attached hereto as Exhibit A.

**SIEMENS**

17. On information and belief, Siemens has and continues to directly infringe one or more claims of the '625 patent, including at least claim 42, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, Siemens' Teamcenter and Teamcenter Express integrations for AutoCad, Catia, Inventor, NX, Pro/Engineer, SolidWorks and Solid Edge.

18. On information and belief, Siemens has and continues to directly infringe one or more claims of the '625 patent, including at least claim 20, by practicing the methods claimed by

one or more claims of the '625 patent including, but not limited to, Siemens' use of and actions related to its Teamcenter and Teamcenter Express integrations for AutoCad, Catia, Inventor, NX, Pro/Engineer, SolidWorks and Solid Edge.

19. Siemens has been aware of the '625 patent at least as early as service of this action.

20. On information and belief, Siemens has and continues to indirectly infringe one or more claims of the '625 patent by inducing others (e.g., end users of Siemens' Teamcenter and Teamcenter Express integrations for AutoCad, Catia, Inventor, NX, Pro/Engineer, Solidworks and Solid Edge) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

21. On information and belief, Siemens has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to its Teamcenter and Teamcenter Express integrations for AutoCad, Catia, Inventor, NX, Pro/Engineer, SolidWorks and Solid Edge, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '625 patent.

**DSC**

22. On information and belief, DSC has and continues to directly infringe one or more claims of the '625 patent, including at least claim 42, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, DSC's SAP PLM integration for NX.

23. On information and belief, DSC has and continues to directly infringe one or more claims of the '625 patent, including at least claim 20, by practicing the methods claimed by

one or more claims of the '625 patent including, but not limited to, DSC's use of and actions related to its SAP PLM integration for NX.

24. DSC has been aware of the '625 patent at least as early as service of this action.

25. On information and belief, DSC has and continues to indirectly infringe one or more claims of the '625 patent by inducing others (e.g., end users of DSC's SAP PLM integration for NX) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

26. On information and belief, DSC has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to, its SAP PLM integration for NX, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '625 patent.

**CIDEON**

27. On information and belief, Cideon has and continues to directly infringe one or more claims of the '625 patent, including at least claim 42, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, Cideon's SAP PLM integration for AutoCad, Inventor, MicroStation, SolidWorks and Solid Edge.

28. On information and belief, Cideon has and continues to directly infringe one or more claims of the '625 patent, including at least claim 20, by practicing the methods claimed by one or more claims of the '625 patent including, but not limited to, Cideon's SAP PLM integration for AutoCad, Inventor, MicroStation, SolidWorks and Solid Edge.

29. Cideon has been aware of the '625 patent at least as early as service of this action.

30. On information and belief, Cideon has and continues to indirectly infringe one or more claims of the ‘625 patent by inducing others (e.g., end users of Cideon’s SAP PLM integration for AutoCad, Inventor, MicroStation, SolidWorks and Solid Edge) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

31. On information and belief, Cideon has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to, Cideon’s SAP PLM integration for AutoCad, Inventor, MicroStation, SolidWorks and Solid Edge, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the ‘625 patent.

**.riess**

32. On information and belief, .riess has and continues to directly infringe one or more claims of the ‘625 patent, including at least claim 42, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, .riess’s SAP PLM integration for Pro/Engineer.

33. On information and belief, .riess has and continues to directly infringe one or more claims of the ‘625 patent, including at least claim 20, by practicing the methods claimed by one or more claims of the ‘625 patent including, but not limited to, riess’s SAP PLM integration for Pro/Engineer.

34. .riess has been aware of the ‘625 patent at least as early as service of this action.

35. On information and belief, .riess has and continues to indirectly infringe one or more claims of the ‘625 patent by inducing others (e.g., end users of riess’s SAP PLM integration for Pro/Engineer) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

36. On information and belief, .riess has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to, riess's SAP PLM integration for Pro/Engineer, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '625 patent.

**TESIS**

37. On information and belief, Tesis has and continues to directly infringe one or more claims of the '625 patent, including at least claim 42, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, .Tesis' Teamcenter integration for NX I-deas, Solid Edge, NX, Pro/Engineer, AutoCad, Catia, Solid Works and Inventor.

38. On information and belief, Tesis has and continues to directly infringe one or more claims of the '625 patent, including at least claim 20, by practicing the methods claimed by one or more claims of the '625 patent including, but not limited to, Tesis' Teamcenter integration for NX I-deas, Solid Edge, NX, Pro/Engineer, AutoCad, Catia, Solid Works and Inventor.

39. Tesis has been aware of the '625 patent at least as early as service of this action.

40. On information and belief, Tesis has and continues to indirectly infringe one or more claims of the '625 patent by inducing others (e.g., end users of Tesis' Teamcenter integration for NX I-deas, Solid Edge, NX, Pro/Engineer, AutoCad, Catia, Solid Works and Inventor) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

41. On information and belief, Tesis has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to, Tesis' Teamcenter

integration for NX I-deas, Solid Edge, NX, Pro/Engineer, AutoCad, Catia, Solid Works and Inventor, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '625 patent.

**CENIT**

42. On information and belief, Cenit has and continues to directly infringe one or more claims of the '625 patent, including at least claim 42, by making, using, offering for sale, selling and/or importing infringing products including, but not limited to, Cenit's SAP PLM integration for Catia.

43. On information and belief, Cenit has and continues to directly infringe one or more claims of the '625 patent, including at least claim 20, by practicing the methods claimed by one or more claims of the '625 patent including, but not limited to, Cenit's SAP PLM integration for Catia.

44. Cenit has been aware of the '625 patent at least as early as service of this action.

45. On information and belief, Cenit has and continues to indirectly infringe one or more claims of the '625 patent by inducing others (e.g., end users of Cenit's SAP PLM integration for Catia) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

46. On information and belief, Cenit has been aware, at least as early as service of this action, that its products accused of infringement including, but not limited to, Cenit's SAP PLM integration for Catia, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '625 patent.

47. On information and belief, Defendants have reaped significant revenue from using Plaintiff's patented invention.

48. Plaintiff is entitled to damages of at least a reasonable royalty for the use of Plaintiff's invention by Defendants.

49. Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

50. On information and belief, Defendants' infringement of the '625 patent, since at least service of this action, has been and continues to be willful.

51. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

52. Plaintiff has complied with 35 U.S.C. § 287.

53. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint;

(b) Enjoin the Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with the Defendants who receive notice of the order from further infringement of United States Patent No. 6,088,625;

(c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff and ongoing royalty rate for Defendants' post-judgment infringement;

(e) Find Defendants' infringement to be willful;

(f) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

(g) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

(h) Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

(i) Order the impoundin g and destruction of all Defendants' products that infringe the '625 patent;

(j) Award Plaintiff inter est and costs; and

(k) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues properly triable by jury in this action.

DATED: July 20, 2010

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

/s/ Anthony G. Simon
Anthony G. Simon
Timothy E. Grochocinski
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
teg@simonlawpc.com

***ATTORNEYS FOR PLAINTIFF***